[996 NYS2d 8]

In the Matter of STEPHEN C. JACKSON (Admitted as STEPHEN CURTIS JACKSON), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 28, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael A. Hardy*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen C. Jackson was admitted to the practice of law in the State of New York by the Second Judicial Department on May 27, 1987, under the name Stephen Curtis Jackson. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By order of this Court entered January 10, 2013 (103 AD3d 10 [1st Dept 2013]), respondent was immediately suspended from the practice of law, based upon evidence that he had misappropriated and/or intentionally converted more than $50,000 in client escrow funds, that he submitted forged records to the Departmental Disciplinary Committee purporting to be copies of his escrow bank statements, that he testified falsely before the Committee at a deposition, and that he made misrepresentations to a client and the Committee regarding his misappropriation and/or conversion of escrow funds (Rules of App Div, 1st Dept [22 NYCRR] § 603.4 [e] [1] [iii]).

Respondent was convicted, upon his plea of guilty, taken March 27, 2014, in Supreme Court, New York County, of grand larceny in the second degree in violation of Penal Law § 155.40 (1), a class C felony; perjury in the first degree in violation of Penal Law § 210.15, a D felony; and, tampering with physical evidence in violation of Penal Law § 215.40 (1) (b), an E felony. He was sentenced to a term of 1 to 3 years, a $300 surcharge and a $25 crime victim's fee.

As stated, the crimes to which respondent pleaded guilty are felonies under the laws of this State, and therefore upon his conviction thereof, he ceased to be an attorney by operation of law. Accordingly, the Departmental Disciplinary Committee's motion to strike respondent's name from the roll of attorneys should be granted and respondent's name stricken from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to March 27, 2014.

Gonzalez, P.J., Mazzarelli, Acosta, Andrias and Freedman, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 27, 2014.